[Cite as *State v. Harrop*, 2024-Ohio-507.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2022-12-016 |
| | | CA2022-12-017 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 2/12/2024 |
| DREW J. HARROP, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case Nos. CRI 20220076; CRI 20220159

Jess Weade, Fayette County Prosecuting Attorney, for appellee.

Drew J. Harrop, pro se.

**BYRNE, J.**

{¶ 1} Drew Harrop appeals from the sentences imposed by the Fayette County Court of Common Pleas in conjunction with his convictions for drug possession and complicity to grand theft of a motor vehicle. For the reasons discussed below, we affirm.

**I. Factual and Procedural Background**

{¶ 2} In March 2022, a Fayette County grand jury indicted Harrop on one count of drug possession (Case Number CRI 20220076, hereinafter "Case One"). In June

2022, a Fayette County grand jury indicted Harrop on one count of complicity to grand theft of a motor vehicle (Case Number CRI 20220159, hereinafter "Case Two").

{¶ 3} On August 8, 2022, Harrop, his defense counsel, and the prosecutor appeared before the trial court to enter into what the trial court described as a "contingent plea" concerning Cases One and Two. The negotiated agreement called for Harrop to plead guilty to the counts in both Case One and Case Two, as charged. In exchange, the state agreed to a "contingent recommendation" on sentence. That is, the state agreed to recommend two sentencing options for the court to select from at the sentencing hearing. Option One was an aggregate 12-month sentence, consisting of six-month sentences on each count, served consecutively. Option Two was an aggregate nine-month sentence, consisting of nine-month sentences on each count, run concurrently, plus a consecutively run "sentence enhancement" in the amount of time remaining on Harrop's postrelease control on a separate criminal matter. We will refer to the "sentence enhancement" time as "PRC time."

{¶ 4} The court reviewed the terms of the agreement with Harrop, who indicated he understood the agreement as described by the state. The court then stated the following to Harrop concerning what would happen if the court chose Option Two, the nine-month sentence run consecutively with the sentence enhancement:

> The Court: [Y]ou would receive concurrent nine months on each of these charges plus the enhanced time which as of May, May the 24th was 929 days. So, you go forward to August the 22nd[1] and that's about 90 days less. So, 90 days would come off of that 929. If your sentence is enhanced it would be approximately 850 days, something like that. Do you understand that?
>
> Harrop: Yes, sir.

---

1. August 22 was the sentencing date.

{¶ 5} The court thereafter engaged Harrop in a plea colloquy, determined that Harrop was entering his plea voluntarily and knowingly, accepted his plea, and found him guilty. On August 22, 2022, Harrop appeared before the court for sentencing. The court noted that Harrop was non-compliant with postrelease control, which he had begun serving upon his release from prison in August 2021. Based on this non-compliance and other negative considerations discussed by the court at the hearing, the court determined that it would impose Option Two.

{¶ 6} Accordingly, the court orally imposed sentence on Cases One and Two of nine months in prison on each count and ordered those sentences served concurrently. The court also imposed "the remaining time on post release control * * *."

{¶ 7} The court issued a judgment entry memorializing the sentence announced at the hearing. With respect to sentence enhancement, the entry stated the following:

SENTENCE ENHANCEMENT/JUDICIAL SANCTION

The Court further finds that at the time of this offense, the defendant was under Post Release Control supervision with the Ohio Department of Rehabilitations and Corrections. The Court hereby **ORDERS** that the defendant serve the time remaining on post-release control as of the date of this conviction, to be served **consecutively** to the prison term.

{¶ 8} Harrop did not directly appeal his conviction on either Cases One or Two.

{¶ 9} In October 2022, the ODRC filed a "notice of calculation of sentence" in Cases One and Two with the trial court. The notice listed 0.75 year sentences for Cases One and Two. The notice also listed a judicial sanction consisting of 2.39 years. Finally, the notice listed the "total sentence" as "872 JIPT + 0.75 HB86-5." It appears that "872 JIPT" refers to the PRC time (2.39 multiplied by 365 days equals 872 days).

{¶ 10} In December 2022, Harrop filed a notice of appeal and simultaneously moved this court to permit him to file a delayed appeal of his convictions in Cases One

and Two. In January 2023, this court granted Harrop's motion to file his delayed appeal in both cases. We also consolidated the cases for purposes of appeal.

{¶ 11} Upon Harrop's unopposed motion, this court, on April 4, 2023, granted Harrop's request to expand the record on appeal to include certain postconviction motions and the trial court's decision on the motions, none of which are relevant to this appeal.

{¶ 12} The following events and filings occurred after April 4, 2023. There is a question as to whether these filings and entries are properly in our record on appeal. (The documents were in the file sent to this court). Because we do not find that the documents have any substantive effect on the outcome of the case, we will discuss them only for purposes of providing context to an argument raised by Harrop on appeal.

{¶ 13} On April 24, 2023, Harrop filed, in the trial court, an "emergency motion to correct void PRC enhancement sanction prison term via recalculation." In it, he argued that the court erred when it informed him that he had 929 days of PRC time to serve. He wrote,

> In all actuality, Harrop completed his 3 year prison term on August 16, 2021. Thus under operation of law yielded Harrop with only 18 months of PRC time via enhancement which is 1/2 of the 3 year prison term. Harrop only had 557 days.
>
> More alarming, this court never applied R.C. 2929.14 mandates of properly crediting Harrop for the time Harrop spent on post release control prior to this court choosing enhancement.

{¶ 14} Harrop requested a recalculation of his postrelease control judicial sanction and asked that the trial court "forward its determination to O.D.R.C Bureau of Sentence Calculation * * *."

{¶ 15} On April 25, 2023, the trial court issued a decision denying Harrop's emergency motion. The court noted that the case was on appeal to this court and

therefore the court lacked jurisdiction to consider the motion.

{¶ 16} But on May 8, 2023, the trial court, in responding to Harrop's motion for an appeal bond (which motion is not at issue in this appeal), responded to Harrop's argument that the court had erred in calculating his PRC time. The court stated that, "it appears to the trial court that the Defendant has incorrectly calculated the amount of time for the enhancement of his sentence in his motion." The court did not further elaborate on this issue.

{¶ 17} Harrop has assigned two errors for our review.

## II. Law and Analysis

## A. Sentence Calculation

{¶ 18} Harrop's first assignment of error states:

> TRIAL COURT ERRED BY MISCALCULATING APPELLANT'S POST RELEASE CONTROL SANCTION TIME AT CHANGE OF PLEA HEARING AND SENTENCING CALCULATION.

{¶ 19} Harrop argues that the trial court erred in "miscalculating" PRC time. Harrop states that the trial court erred when it informed him at the plea hearing that he had 929 days of PRC time remaining and that "[t]he amount of days are incorrect." Harrop states that he was on postrelease control following a three-year-prison term. Harrop then states that "This meant appellant had to serve 18 months in prison remaining if he violated the terms of his PRC with a new felony contrary to the trial court's misspoken 929 days."

{¶ 20} Harrop goes on to argue that he had 548 days of PRC time remaining, minus 367 days he was "free" prior to his incarceration on the charges in Cases One and Two. Thus, Harrop presumably believes that the largest sentence enhancement he should have received was 181 days.

## 1. Standard of Review

- 5 -

{¶ 21} R.C. 2953.08(G)(2) defines the standard of review for felony-sentencing appeals. *State v. Day*, 12th Dist. Warren Nos. CA2020-07-042 and CA2020-7-043, 2021-Ohio-164, ¶ 6. As applicable here, R.C. 2953.08(G)(2) provides:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> That the sentence is otherwise contrary to law.

## 2. Analysis

{¶ 22} Harrop argues that the trial court "miscalculated" his remaining PRC time when it imposed a prison sentence enhancement in that amount. However, the record reflects that the trial court did not calculate PRC time. Instead, the court's sentencing entry ordered him to serve "the time remaining on post-release control as of the date of this conviction." That is, the court did not specify the amount of remaining PRC time in the sentencing entry.

{¶ 23} It appears, based on the "notice of calculation of sentence" filed by ODRC, that it was ODRC that calculated Harrop's PRC time. And ODRC calculated that Harrop had 872 days remaining. We note that this number of days is similar to the estimated number of days that the trial court indicated to Harrop would be imposed in the sentence enhancement when it stated that "something like" 850 days would be imposed.

{¶ 24} Regardless of who calculated PRC time, there is nothing in the record on appeal, and Harrop cites nothing in the record, from which this court could determine the accuracy or inaccuracy of the PRC time calculation.

{¶ 25} There are only a few references to Harrop's PRC time in our record on

appeal. For example, at Harrop's June 21, 2022, arraignment, the court and counsel briefly discussed Harrop's parole status. The trial court briefly asked about an "improper discharge of a firearm" offense. The prosecutor responded that it was "out of Highland County." The trial court then remarked that "[h]e has 929 days as of May 24th of PRC, unserved PRC time."

{¶ 26} The next reference to PRC time was at the plea hearing. As discussed above, the trial court informed Harrop that if it chose the sentence enhancement option (Option Two), the court would impose an additional 929 days minus the days between May 24, 2022, and the sentencing date. The court estimated that Harrop would have to serve 850 days of PRC time but was non-committal as to that amount (stating "something like that"). Harrop did not object to the amount of PRC time as described by the judge and stated that he understood.

{¶ 27} As we mentioned above, Harrop filed several postconviction motions including his emergency motion to correct the "void" PRC enhancement. However, he attached no materials related to the calculation of PRC time to any of these filings. In fact, the first time he raised the PRC issue at all before the trial court was in the "emergency motion," filed well after he noticed his appeal. In his "emergency motion," like his appellate brief, he simply made conclusory, unsupported statements concerning the trial court's error in calculating PRC time.

{¶ 28} This court has no information from which we could make any determination as to whether the PRC time calculation was accurate or not. We know little about the offense for which Harrop was on postrelease control. It may have been for improperly discharging a firearm. We also do not know the period of postrelease control ordered in that case. We do not know how much time Harrop spent under postrelease control for

- 7 -

the earlier offense. The only thing we do know is that the trial court believed that Harrop had 929 days (about two and a half years) remaining of unserved PRC time as of a certain date, Harrop did not object to that number at the plea hearing and stated he "understood," and that number of days appears to have been corroborated by ODRC when they sent the notice of the calculation of Harrop's prison sentence.

{¶ 29} Harrop also cites no authority for his statement that because he served three years in prison, "This meant appellant had to serve 18 months in prison remaining if he violated the terms of his PRC." The calculation of a prison term for a postrelease control violation is not half of the original prison sentence, but instead is the "greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony." R.C. 2929.141(A)(1).

{¶ 30} Harrop has not demonstrated error in the calculation of PRC time in his appellate brief, or with reference to any evidence in the record. Harrop therefore has not clearly and convincingly demonstrated that his sentence is contrary to law. R.C. 2953.08(G)(2). We overrule Harrop's first assignment of error.

### B. Jointly Recommended Sentences

{¶ 31} Harrop's second assignment of error states:

THE TRIAL COURT ERRED IN EXECUTING AN UNLAWFUL JOINTLY RECOMMENDED SENTENCE.

{¶ 32} Harrop argues that the court erred in "executing" what he refers to as an "alternative jointly recommended sentence." He contends that in imposing one of the two proposed alternative, jointly recommended sentences, the court violated the "plain language of [R.C.] 2953.08(D)(1)." Pursuant to R.C. 2953.08(D)(1),

A sentence imposed upon a defendant is not subject to review

> under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

R.C. 2953.08(D)(1) establishes a statutory limit on an appellate court's ability to consider an appeal from a sentence. *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 22. If the conditions under R.C. 2953.08(D)(1) are established, an appellate court lacks jurisdiction to hear the appeal. *Id.*

{¶ 33} Contrary to Harrop's argument, the plain language of R.C. 2953.08(D)(1) does not foreclose the possibility of an "alternative jointly recommended sentence." The statute refers to "a sentence," that is, in the singular, but there is no explicit prohibition in the statute on a defendant and the state agreeing to more than one jointly recommended sentence.

{¶ 34} Regardless, Harrop has not demonstrated how this alleged error prejudiced him. Other than the PRC time issue he raises in his first assignment of error, he has not challenged any other aspect of his sentence. He does not claim that either of the jointly recommended sentences were contrary to law. And the state is not claiming that R.C. 2953.08(D)(1) precludes our review of his PRC time argument. Accordingly, we overrule Harrop's second assignment of error.

Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.